## Michael Stockbarger and Charles H. Stockbarger v. I. W. Sain.

1. PARTIES—*Who May Sue When Principal is Not Disclosed.*— When the principal is not disclosed, either principal or agent may sue upon a contract not under seal.

2. APPELLATE COURT PRACTICE—*When Errors Will be Deemed Waived.*—Where the abstract does not contain instructions complained of as error, and the objections to them are not pointed out in the briefs, the alleged errors will be deemed waived.

Assumpsit, for breach of a contract of sale. Appeal from the County Court of Cumberland County; the Hon. GESHAM MONOHON, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

L. N. BREWER and P. A. BRADY, attorneys for appellants.

SCRANTON & SCRANTON, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action was assumpsit by appellee against appellants to recover damages for failure to comply with an agreement in writing, which is in words and figures following :

"Sold my entire crop of broom corn to I. W. Sain, for Day & Hubbard, Chicago, or Merkle, Paris, Ill., for sixty-five dollars ($65.00) per ton, to be well baled, when dry, and smuttered corn to be rethreshed, and all soiled corn to be kept separate and baled separate. Think will have 14 tons green hurl, and possibly 20, and the balance damaged by smut and fired to be delivered when all baled and dry. Rec. on the same $200.00 check. Crooked, half price.

M. STOCKBARGER."

The more important alleged error discussed or specifically pointed out in the brief of appellant is, the verdict is contrary to the evidence; first, because it was against both appellants upon a contract entered into by but one of them;

second, because it appears from the contract appellee was not one of the contracting parties, but only an agent; third, there was not sufficient proof of a breach of the agreement.

If the appellee entered into the contract as an agent his principal was not disclosed, and it does not clearly appear he did not intend to be bound.

He was therefore personally liable for its fulfillment. 1 Amer. & Eng. Ency. of Law, 402 and 406.

When the principal is not disclosed either principal or agent may sue upon a contract not under seal. Saladin v. Mitchell 45 Ill. 79.

Aside from this we think the proper construction of the contract is that appellee is principal therein.

The statement that the corn was for Day & Hubbard or for Merkle may be properly regarded as indicating he expected to dispose of the corn to one or the other of the parties named, either by absolute sale or under contract afterward to be made for such party.

The more serious question is whether both appellants are liable.

We find evidence in the record tending to show that though the name of but one appellant appeared to the contract both were jointly interested as owners of the broom corn intended to be disposed of by it, that both acted jointly in delivering so much of the corn as was delivered, and that the acts of both were in other respects indicative of a joint acceptance of the benefits of the contract, and also evidence which tended to show both acted together in secreting and refusing to deliver a portion of the broom corn.

Upon all these points the testimony was not free from serious conflict, but after carefully consulting the whole testimony we are constrained to accept the verdict of the jury as being the better guide for our action.

The contract in that view of the weight of the testimony was properly regarded as that of both appellees, entered into in the name of M. Stockbarger.

The breach consisted of refusal and failure to deliver the " entire crop."

As to that, as before remarked, in view of all the testimony, we ought to regard the jury as the better judges of the weight of testimony.

The sufficiency of the declaration was questioned by demurrer, the ground thereof being it appeared from the allegations plaintiff was merely an agent and that the right of action was in the principal.

The declaration alleges appellee entered into the contract as principal.

The contract is set out in the declaration *in hæc verba*, and the argument in favor of the position the demurrer was well taken rests upon the construction given it by counsel for appellant.

As we are unable to agree such construction is correct, it follows we do not think the court erred in overruling the demurrer.

The abstract does not contain the instructions, nor are the objections to them pointed out in the briefs, and are deemed waived. E. St. L. Electric R. R. v. Stout 43 Ill. App. 546.

The judgment is affirmed.